UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Earl Jordan,<br><br>    Plaintiff,<br><br>v.<br><br>American Accounts & Advisers, Inc. and Erin Doe,<br><br>    Defendants. | Case No. 0:15-cv-00605<br><br><br>**COMPLAINT**<br><br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendants in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Earl Jordan (hereinafter "Plaintiff") is a natural person who resides in the City of Mahtomedi, County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant American Accounts & Advisers, Inc. (hereinafter "AAA") is a collection agency and business corporation with its principal place of business located at 7460 80th Street South, Cottage Grove, Minnesota 55016, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Erin Doe (hereinafter "Doe"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant AAA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime before January 2015, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a balance allegedly owed to Summit Orthopedics.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant AAA for collection from Plaintiff.

### *Illegal Collection Call – January 22, 2015*

9. On or around January 22, 2015, Defendant AAA called Plaintiff in an attempt to collect this alleged debt.

10. Plaintiff answered the call but heard no one on the other end of the line, so he hung up.

11. Plaintiff called the same number right back and spoke with a collection agent of Defendant AAA named Erin about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. During this call, Defendant Erin stated they were calling for Earl Jordan, or words to that effect.

13. Plaintiff was upset to learn that Defendant AAA was calling him on his cell phone, because he had asked them in the past to stop calling his cell phone number.

14. So, Plaintiff explained to Defendant Erin that he had already told Defendant AAA not to call his cell phone number.

15. Defendant Erin ignored Plaintiff and continued with her collection of the alleged debt by stating that he owes on a Summit Orthopedic bill, or words to that effect.

16. Plaintiff responded by again telling Defendant Erin that they were not supposed to call his cell phone number.

17. Defendant Erin explained that Defendant AAA was allowed to call Plaintiff's cell phone number because they had not spoken to Plaintiff yet on this particular account.

18. Plaintiff disagreed and explained that he had been telling Defendant AAA not to call.

19. Plaintiff then stated, "Do not call this number. This is a cell phone."

20. Before Plaintiff could finish speaking, Defendant Erin cut him off, told Plaintiff to "pay your bill," and hung up.

21. During this January 22, 2015, collection call, Defendant Erin ignored Plaintiff's explanations that he had asked Defendant AAA to stop calling his cell phone, and was disrespectful and unfair to Plaintiff by simply telling him to "pay [his] bill" and then hanging up.

22. Plaintiff was frustrated that Defendant AAA continued to call his cell phone, and was angered by the way Defendant Erin treated him during this January 22, 2015, collection call.

23. By telling Plaintiff to "pay your bill" and then immediately hanging up on Plaintiff, Defendant Erin used language, the natural consequence of which was to abuse Plaintiff and which disgraced him, in violation of the FDCPA at 15 U.S.C. §§ 1692d(2) and 1692e(7).

24. During this collection call, Defendant AAA's collection agent, Defendant Erin, also failed to disclose to Plaintiff the she was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

25. This false representation by Defendant Erin deceptively and unfairly misled Plaintiff as to who he was speaking with in violation of the FDCPA, and which materially affected and frustrated his ability to respond to Defendant AAA in this regard.

26. Moreover, Plaintiff previously asked Defendant AAA to stop calling his cell phone, yet Defendants continued to call Plaintiff on his cell phone in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1), 1692d, and 1692d(5).

27. Defendants' January 22, 2015, collection call with Plaintiff was an abusive, deceptive, and unfair communication in an attempt to collect this alleged debt, and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Summary*

28. Overall, Defendants failed to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692e(11), treated Plaintiff unfairly by telling him to pay his bills and then just hanging up, and continued to call his cell phone when he had asked them to stop, all in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

29. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of frustration, anger, emotional distress, and upset, amongst other negative emotions.

### *Respondeat Superior Liability*

30. The acts and omissions herein of the individuals employed to collect debts by Defendant AAA, and the other debt collectors employed as agents of Defendant AAA who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AAA.

31. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant AAA in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant AAA.

33. Defendant AAA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees,

including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 24, 2015

**BARRY & HELWIG, LLC**

By: **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Earl Jordan, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    2    ,    24    ,    2015
              Month       Day       Year

_____
Signature

-9-